Bangs *v.* Mosher.

———•◦•———

LUCIUS N. BANGS, receiver, &c. *vs.* C. MOSHER and J. MO-SHER, impleaded with I. M. SCHERMERHORN.

Where a creditor takes the draft or check of the principal debtor, payable at a future day, in payment of the debt, this is a valid extension of credit, and if done without the consent of the sureties, discharges them from all liability.

The legal effect of such a transaction is to suspend the right of action against the principal debtor, until after the maturity of the draft, and until default has been made in its payment.

APPEAL from a judgment rendered at the Genesee circuit in October, 1854, before Mr. Justice GREENE. The action was tried by the court, without a jury, and judgment rendered in favor of the plaintiff. On the trial, a stipulation was read in evidence, signed by the attorneys for the respective parties, by which the following facts were admitted : 1. That the Genesee Mutual Insurance Company is a corporation duly organized under an act of the legislature of the state of New York, passed May 3, 1836, and having its place of business at Le Roy in the county of Genesee.  2. That the defendant, Isaac M. Schermerhorn, was, on or about the 10th day of May, 1851, appointed an agent of said corporation, to collect from certain members of said corporation, residing in the county of Ontario, certain sums of money then due and payable to said corporation, upon an assessment then recently made by said corporation upon the notes of such members.  3. That before such appointment and on the said 10th day of May, 1851, the said Isaac M.

Schermerhorn, as principal, and the said John Mosher and Charles Mosher as his sureties, executed and delivered to the said corporation their joint and several bond in the penalty of $3000, conditioned that the said Isaac M. Schermerhorn should well and faithfully perform the duties of such collector, and should from time to time remit and pay over to said corporation all money which he should collect as such collector as aforesaid; the execution and delivery of which bond is fully admitted. 4. That the said Isaac M. Schermerhorn, on or about the 22d day of November, 1851, accounted with the said corporation, when there was found to be a balance due from him as such collector to said corporation, of the money mentioned in said bond and collected by him before that time as such collector, amounting to $797.19. 5. That thereupon, the said Isaac M. Schermerhorn made and delivered to said plaintiff as such receiver as aforesaid, his check, draft or order on the Ontario Bank at Canandaigua, in the words and figures following, to wit:

"Canandaigua, 22d Nov. 1851.

Cashier of the Ontario Bank, pay to L. N. Bangs, receiver of the Genesee Mutual Insurance Company, or order, seven hundred and ninety-seven $\frac{19}{100}$ dollars, on the 5th day of Dec. next.

(Signed) ISAAC SCHERMERHORN."

6. That the said Schermerhorn received, on the execution and delivery of the said check, a statement of his account and balance, and a receipt in the following words, viz: "Rec'd of Isaac M. Schermerhorn, Nov. 22d, 1851, check on Ontario Bank for seven hundred and ninety-seven $\frac{19}{100}$ dollars, payable 5th Dec. 1851, in payment of above balance.

(Signed) I. SUMMERFIELD,

Agent of the Genesee M. Ins. Co."

And that the money mentioned in the check had not since been paid to the plaintiff, or any part thereof, and that said check was still the property of the plaintiff, as such receiver as aforesaid. And it was further admitted that said check was deposited in the Genesee County Bank at Le Roy, for collection, and was forwarded to the Ontario Bank at Canandaigua, where the

same was payable, and that on receipt thereof at Canandaigua, on the day after it was payable, it was duly presented to the said Ontario Bank at its place of business, and payment thereof demanded, which was refused by the said bank, upon the ground that the drawer had no funds in said bank; and that on the same day, said Schermerhorn was informed of such demand and refusal, and payment was then and there demanded of said Schermerhorn, which was refused. And it was further admitted that the drawer of said check had no funds in said bank at the time of the presentation of the said check for payment, or at any intermediate period, and that he had no deposit of moneys and kept no account at said bank. It was further admitted that said check and receipt were given without the knowledge of said defendants, Charles Mosher and John Mosher.

It appeared that the plaintiff had by an order of the supreme court been appointed receiver of the property and effects of the Genesee Mutual Insurance Company, and that he took possession of the effects of the company on the 7th day of October, 1851. It was also proved that I. Summerfield, who signed the receipt set forth in the stipulation, transacted business as the agent of the plaintiff as receiver. Other facts appeared upon the trial, but the foregoing are sufficient for the understanding of the question decided by this court.

After the plaintiff had rested, the defendants' counsel moved for a nonsuit upon several grounds, the third of which was that, "taking the draft or check of Schermerhorn the principal debtor, payable upon time, in payment of the balance in his hands, was a valid extension of credit, and discharged the sureties from all liability." The motion for a nonsuit was denied, and the counsel for the defendants, the Moshers, excepted. The justice holding the circuit ordered judgment against the defendants for $967.95, for which sum judgment was entered with costs.

*Jas. C. Smith,* for the appellants.

*S. Mathews,* for the respondents.

Bangs *v.* Mosher.

*By the Court,* WELLES, J. The draft or check of Schermerhorn, upon the Ontario Bank, was received by Summerfield in payment of the demand in question. This expressly appears on the face of the receipt; and no attempt has been made, to show by evidence, that any intention existed to receive it otherwise than as payment—if, indeed, such evidence would have been admissible—or to show any fraud on the part of Schermerhorn. The draft was negotiable and payable on time. It was, in legal effect, an inland bill of exchange. The effect of the transaction was, at least, to suspend the right of action of the insurance company against Schermerhorn, the principal debtor, until after the maturity of the draft, and until default had been made in its payment. (*Tobey* v. *Barber,* 5 *John.* 73.) And it operated to discharge the defendants, the Moshers, who were only sureties, and who had no knowledge of the arrangement, and of course did not consent to it. There is no ground for saying the draft was taken as collateral. It was *sub modo,* a payment, and the insurance company could not afterwards call on the drawer, until after he had made default in the payment of the draft.

We think the well settled rule of law that where a creditor, by a valid agreement with his principal debtor, extends the time of payment of the debt without the consent of the surety, the latter is discharged, applies in full force to this case. The objection that the obligation of the defendants was by specialty, and that therefore its terms could not be changed by a parol agreement, is unfounded. The time of performance specified in a sealed agreement may be extended by parol. This is too well settled to require authorities to prove.

The judgment should be reversed, and a new trial granted; with costs to abide the event.

Ordered accordingly.

[MONROE GENERAL TERM, December 1, 1856. *T. R. Strong, Welles* and *Smith,* Justices.]