THE ALBANY CITY FIRE INSURANCE COMPANY *vs.*
DEVENDORF.

Where a creditor receives the check or draft of the principal debtor, payable
at a future day, in payment of the debt, without objection, and instead of
returning it to the maker, forwards it to the bank for collection, if the
check or draft is not absolute payment of the debt, the effect of the trans-
action is to extend the time of payment after the demand has accrued,
during which time the creditor would be precluded from bringing an action
to recover the amount, of the principal debtor; and if the extension is
given without the consent of a surety, it discharges him from liability.

THE plaintiff sued the defendant and one Thomas Stewart,
to recover the sum of $188.46, and alleged in the complaint,
in substance, that on the 18th day of January, 1862, said
Thomas Stewart was appointed its agent at Amsterdam, "for
the purpose of effecting insurance upon property at Amster-
dam and in the vicinity thereof, and receiving the premiums
for such insurance," &c. ; and that to secure the return of such
payments to the plaintiff (after deducting certain allowances
to the agent,) the defendant entered into a bond with a pen-
alty of $800, to the effect that Stewart should promptly
account for and pay over and deliver all moneys &c. which
might come into his hands as such agent. The complaint
further alleged that there was due to the plaintiff, from Stew-
art, on account of such agency, the sum of $122.35, with
interest from the 18th day of June, 1862, and $58.11, with
interest from July 1, 1862. And the plaintiff claimed that
Stewart not having paid the said amounts, the defendant was
liable for the same. The defendant Stewart did not appear.
The defendant Devendorf alleged in his answer, that he exe-
cuted the bond simply as a surety for Stewart; that he never
knew of any neglect or refusal of Stewart to pay the plaintiff
any moneys due, except that in July, 1862, he was informed
that there was due to the plaintiff, from Stewart, $58.11 for
which the defendant was liable, all other sums and liabilities
having, without the defendant's knowledge, been previously
paid; and as to that sum he pleaded a tender to the plaintiff

before suit.    The action was referred to a referee, who found, among other things, that during the month of May, 1862, Stewart, as such agent, issued policies in the plaintiff's company, on which the aggregate amount of premiums over and above commissions, was $121.42, which was received by said Stewart. He also found that during the month of June the other indebtedness, of $58.11 was incurred by Stewart, which amount, before the commencement of this suit, was tendered to the plaintiff, and was paid to the referee.    Also, that on the 2d day of June Stewart sent his account current for his previous month's business for the plaintiff, amounting to $121.42, with his check dated on that day, on a bank in Amsterdam, payable fifteen days after date, which check the plaintiff received, and deposited the same for collection; and that such check was not honored.    The referee also found that Stewart was accustomed to remit monthly for monthly balances, by checks on the Bank of Amsterdam of ten, fifteen or twenty days.    That the custom of the plaintiff was to require monthly accounts from agents, and that monthly balances should be remitted; the remittances varying from the 1st to the 25th of the month.    The referee reported in favor of the plaintiff, for both amounts; upon which a judgment was entered, and the defendant Devendorf appealed.

*I. Shaver,* for the appellant.

*W. L. Learned,* for the respondent.

*By the Court,* MILLER, J.    The check or draft of Stewart on the Farmers' Bank of Amsterdam appears to have been received in payment of his indebtedness to the plaintiff. After it was received it was retained and thus accepted and forwarded to the bank for collection, as it would seem in conformity with a practice previously existing in the dealings of Stewart with the plaintiff.    No objection was made to it when first received, and it was not returned by the plaintiff

to Stewart. Even if the draft or check was not an absolute payment, yet the effect of it was to extend the time of payment after the demand had accrued some fifteen days, during which time the plaintiff would be precluded from bringing an action to recover the amount, of the principal debtor.

Upon well settled rules this was an extension of the time of payment as to the amount for which the draft was given; and the case is clearly within the principle decided and settled in *Bangs, receiver,* v. *Mosher,* (23 *Barb.* 478.) It was there held that where a creditor takes the draft or check of the principal debtor payable at a future day, in payment of the debt, this is a valid extension of credit, and if done without the consent of the sureties, discharges them from liability. That action was brought by the plaintiff as receiver of an insurance company upon a bond similar in its condition to the one upon which this action was commenced, and in most of its leading characteristics is identical with the case under consideration. I think it is decisive of the point now considered. (*See also Dorlon* v. *Christie,* 39 *Barb.* 610, *and authorities there cited.*)

Several objections are presented to the views I have expressed, which are entitled to consideration.

It is said that the bond being conditioned that Stewart should account for and pay over all moneys &c. and perform all duties &c. Stewart was not liable to an action until a refusal, on demand, to pay over the money. I think this objection is not available, and that no demand was necessary before suit brought. It is the duty of a mere collecting agent who receives money on account of his principal to pay it over, within a reasonable time, and if it be not so paid, the principal may maintain an action for it, without any previous demand. (*Lillie* v. *Hoyt,* 5 *Hill,* 395.) Cowen, J. who delivered the opinion of the court in the case cited, after reviewing the authorities upon the question presented, remarks: "The utmost that our own cases establish is, that a foreign factor and an attorney at law are not liable till re-

quest, though on our latest decision I should hardly think this predicable of an attorney." Although Stewart was authorized to enter into contracts as well as to collect money, yet I think he was not, within the rule laid down, either a factor or an attorney, and therefore it was not necessary to make a demand before suit brought. He was bound to remit when the moneys were received, and the existence of any custom allowing time would not extend or enlarge the time differently from what the law made it. It would not vary the legal effect of his contract; certainly not to the injury of the rights of the surety and the impairing of his obligation.

There is no force in the position that this case is not analogous to that of a surety of a debt. The case of *Bangs* v. *Mosher*, (23 *Barb.* 478,) holds expressly to the contrary, and there the principal stood in a fiduciary relation to the obligee, and the obligation of the surety was for the faithful performance of the duty of his principal.

I think it sufficiently appears that the check was intended to apply upon the plaintiff's account, and the fact that it was not returned to Stewart but sent for collection is sufficient evidence of its acceptance.

The objection that even if accepted the check would not extend the time of payment, is covered by the remarks already made.

It is also insisted that there is no plea setting up the check as an extension of the time of payment to Stewart and a release of Devendorf, and therefore the check should not have been received in evidence. I am inclined to think that the answer of payment was sufficient to authorize the admission of the evidence. The answer alleges that all sums and liabilities except a small amount, in reference to which the defendant had interposed a separate defense, had been liquidated, paid and settled by and between the plaintiff and Stewart; and I think evidence of the transaction was proper under this allegation. It tended to prove payment or a set-

tlement of the plaintiff's demand, and was within the answer. Even if the answer was insufficient upon this point, I still think the case should be considered as if the facts found by the referee were especially averred in it. (*Hart* v. *Hudson*, 6 *Duer*, 294; *Payne* v. *Woodhull*, *Id.* 169; *Clark* v. *Dales*, 20 *Barb.* 66, 67.) And upon an appeal the court may treat the pleadings as having been amended in any respect in which the court ought clearly to allow an amendment at special term. (*Wright* v. *Whiting*, 40 *Barb.* 242, *and authorities there cited.*)

As it is manifest that the referee erred in allowing a portion of the plaintiff's claim, the judgment entered upon his report must be reversed and a new trial granted, with costs to abide the event.

INGALLS, J. concurred.

PECKHAM, J. expressed no opinion.

New trial granted.

[ALBANY GENERAL TERM, December 5, 1864. *Peckham, Miller* and *Ingalls*, Justices.]