MARGARET CAMPBELL *v.* MICHAEL TATE.

(GENERAL TERM, THIRD DEPARTMENT, NOVEMBER, 1872.)

Parol evidence that one of two joint makers of a note signed as surety is not competent.

THE action was brought to recover the amount due upon a promissory note made by defendants for the sum of $300. The defendant, Shearer, interposed no defence, and the defendant, Tate, defended as stated in the opinion.

The cause was tried at the Delaware County Circuit, in January, 1871, before Justice Boardman and a jury. The justice excluded the defence, as is also stated in the opinion, and directed a verdict in favor of the plaintiff for $354.72, the amount of the note and interest. Exceptions were taken by the defendants' counsel to the rulings of the justice, and a list of exceptions was made and settled, which were directed to be first heard at General Term with a stay of the plaintiff's proceedings.

*R. W. Peckham, Jr.,* for the plaintiff.

*N. C. Moak,* for the defendant.

Present—MILLER, P. J., POTTER and PARKER, JJ.

By the Court—MILLER, P. J. This was an action against the defendants as makers of a promissory note. The defendant, Tate, alone appeared and set up as a defence that he signed the note as surety, and that this was known to the plaintiff, who neglected and refused to collect the note of the principal debtor while he was solvent, although requested to do so by the defendant; and that such principal debtor had become insolvent and had left the State. The judge upon the trial held that the answer contained no defence, and excluded evidence offered to prove the facts therein contained.

The question really involved in the case is, whether parol evidence is admissible to establish that the defendant Tate

was, in fact, a surety of Shearer, and thus change the legal effect of the instrument upon its face.

The general principle that parol evidence is inadmissible to vary the terms of a written contract is too well established to admit of any question ; and, after a careful examination, I am entirely satisfied that the case at bar is not brought within any exception to this salutary rule.

None of the cases to which we have been referred by the defendant's counsel establish the proposition contended for. In *Artcher* v. *Douglass* (5 Denio, 509) parol evidence was admitted to prove that the defendants executed a bond to indemnify the sheriff for seizing certain property on an attachment issued upon the application of V., in order to let in a defence arising out of their situation as sureties, that is, that the plaintiff had settled and released the principal. The learned judge who wrote the opinion concedes that the authorities are conflicting upon the question whether, in case of joint obligation or agreement which is silent as to the character of the parties, the surety can be allowed to show, at law, that he executed the obligation or entered into the agreement in that character ; and the authorities which are cited to establish that parol proof is competent, do not, so far as I have been able to examine them, sustain such a doctrine. The decision of the court is put upon the ground entirely that the case was not a joint contract of principal and sureties, but one executed by sureties alone. *Niemcewicz* v. *Gahn* (3 Paige, 614) decides that where the wife unites with her husband in a mortgage of her real estate, merely as security for the payment of his debt, she is entitled to have his interest, as a tenant by the curtesy, first sold and applied to the payment of the debt, and where the fact that she executed the mortgage as surety does not appear, it may be established by parol proof.

There was also a cross bill in this case filed by the wife against the husband and the complainant in the original cause, and the principle decided was appropriate in disposing of all the equitable rights of the parties, and does not, I

think, bear upon the facts presented in an action upon a joint and several promissory note, where it does not appear from the instrument itself that either of the makers signed as sureties.

*Lafarge* v. *Herter* (9 N. Y., 241) has no bearing upon the question now considered.

In *Barry* v. *Ransom* (12 N. Y., 462) the question was as to the admission of parol evidence of an agreement among sureties in settling their liabilities as between themselves, and it has no application.

In *Chester* v. *The Kingston Bank* (16 N. Y., 336), in an equitable action parol evidence was held to be competent to show that a bond for the payment of money, absolute in its terms, was delivered under an agreement by which it was to be held by the obligee *as collateral* to a debt of third parties, and to be canceled upon his obtaining payment from them. It was said by COMSTOCK, J., that "such evidence is not regarded as contradicting the written undertaking, but as tending to show that it has been paid and discharged by another person bound for the same debt." At page 343, PAIGE, J., says: "Parol evidence is admissible to show that one of several joint makers of a bond or note signed it as surety, although there is nothing indicating it on the face of the instrument," citing 2 C. & H.'s Notes, 1465 and 1466, as authority. This doctrine is stated to be applicable to many cases; but the cases cited to sustain it do not all uphold such a principle, although it is stated that this was adjudged in New Hampshire (4 N. H., 221). It is also said that the English decisions are in conflict on the subject, and the balance of authority there is against the doctrine.

It will be noticed that none of the cases considered decide the point presented, and we are, therefore, left to fall back upon the general principle that parol evidence is not admissible to contradict a written instrument; and such cases as uphold the doctrine that the obligation of makers of a promissory note, under ordinary circumstances, cannot be affected by parol proof.

The general doctrine appears to be established, beyond any

question, that, as between makers of a promissory note and the holder, all are principals and equally liable; but, as between themselves, their rights depend upon other questions which are the proper subjects of parol evidence. (*Robison* v. *Lyle*, 10 Barb., 512; *Spies* v. *Gilmore*, 1 Coms., 321; *Brown* v. *Curtiss*, 2 id., 225.) In the last case cited, BRONSON, J., remarks: " If the parties have made a mistake in drawing up their contract, the instrument may be reformed in equity by a direct proceeding for that purpose. But the courts can have no right, under color of construing the agreement, to say that it means something else from what the language of the instrument plainly imports."

The cases are almost innumerable which hold that promissory notes and bills of exchange cannot be varied, modified or changed by oral testimony. (See *Thompson* v. *Ketcham*, 8 Johns., 190; *Fitzhugh* v. *Runyan*, id., 375; *Erwin* v. *Saunders*, 1 Cow., 249; *Payne* v. *Ladue*, 1 Hill, 116; *Pratt* v. *Gulick*, 13 Barb., 301.) It is entirely safe to stand by this established rule; and as the judge committed no errror, the verdict must stand. No other question demands discussion. A new trial is denied and judgment ordered for plaintiff on the verdict, with costs.

PARKER, J., concurred.

POTTER, J., expressed no opinion.

Judgment for plaintiff.