## PHŒBE BENJAMIN, RESPONDENT, v. LYMAN ARNOLD AND OTHERS, APPELLANTS.

*Promissory note — one of several makers cannot show that he signed as surety only.*

In an action by the payee upon a joint and several promissory note, signed by all the defendants herein, three of them offered to prove that they signed it as sureties only, for the accommodation of the fourth, which fact was known to the plaintiff at the time she took the note, and that after the same came due, she, without their consent, extended the time of payment thereof. *Held*, that the evidence was inadmissible.

*Campbell* v. *Tate* (7 Lans., 370) followed.

* Nelson v. Cowing, 6 Hill, 336; Story on Ag., 137.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action at the circuit, and from an order denying a motion for a new trial.

This action was brought on a joint and several promissory note, reading as follows:

"$1,000.

"One year from date, for value received, we, or either of us, promise to pay Phœbe Benjamin or bearer one thousand dollars, with interest.

> "LYMAN ARNOLD.
> "CHARLES M. SHULTS.
> "HIRAM SHAVER.
> "GEORGE W. SNELL."

The defendants Shults, Shaver and Snell alleged in their answer, and offered to prove upon the trial, that they signed the note simply as sureties, and for the accommodation of Arnold, which fact was known to the plaintiff at the time she received the note, and that after the note was due, the plaintiff, without their consent, and for a valuable consideration paid by Arnold, extended the time of payment of said note six months. The court held the evidence incompetent, and excluded it.

*Wm. M. Nichols*, for the appellants. The evidence was competent. (*Wagman* v. *Hoag*, 14 Barb., 232; *Vanhorne* v. *Everson*, 13 Barb., 526; 29 id., 401; *King* v. *Baldwin*, 17 Johns., 384; *Bangs* v. *Strong*, 4 N. Y., 315; *Miller* v. *McCan*, 7 Paige, 452; *Vilas* v. *Jones*, 10 id., 76; *Gahn* v. *Niemcewicz*, 11 Wend., 312; *Artcher* v. *Douglass*, 5 Denio, 509; *Barry* v. *Ransom*, 12 N. Y., 462.)

*Wm. Rumsey* and *Butler & Searl*, for the respondent. The evidence was properly excluded. (*Thompson* v. *Hall*, 45 Barb., 214; *Thomas* v. *Truscott*, 53 id., 200; *Bull* v. *Allen*, 19 Conn., 101; *Sprigg* v. *Bank*, 10 Peters, 257; *Montgomery Bank* v. *Walker*, 9 Serg. & Rawle, 229; *Harrison* v. *Courtauld*, 3 B. & Ad., 36; *Fentum* v. *Pocock*, 5 Taunt., 192; *Manly* v. *Bogart*, 2 E. & B., 46; *Price* v. *Edwards*, 10 B. & C., 578; *Rees* v. *Berrington*, 2 Ves., 540.)

GILBERT, J. :

Upon a consideration of the authorities in this country and in England, it must be regarded as still an open question, whether the evidence offered and rejected in this case was not admissible.[*] At first blush, the reception of such evidence would not seem to contradict the contract created by the note, which is nothing more than an absolute promise to pay a sum of money, but to lay the foundation of a defense resting on equitable rules, wholly independent of the formal contract. But as this court, in the third department, in a recent case,[†] has decided the precise point, we think it best to follow that decision, and leave it to the Court of Appeals to establish a contrary rule, if justice should require it.

The judgment is, therefore, affirmed.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Judgment affirmed.

[*] See 1 Pars. N. & B., ch. 7, § 2.     [†] Campbell v. Tate, 7 Lans., 370.