## BENJAMIN v. ARNOLD.

*Promissory note — evidence — joint maker cannot show by parol that he signed as surety.*

In an action upon a joint and several promissory note, *held* (following *Campbell* v. *Tate*, 7 Lans. 370), that a joint maker could not show by parol that he signed the note as surety only.

APPEAL by defendants Shults, Shaver and Snell, from a judgment in favor of plaintiff, entered upon the verdict of a jury and from an order denying a new trial.

The action was brought in Steuben county by Phebe Benjamin against Lyman Arnold and others, upon a promissory note reading as follows :

"$1,000.  One year from date, for value received, we, or either of us, promise to pay Phebe Benjamin, or bearer, one thousand dollars, with interest.

"LYMAN ARNOLD,
"CHARLES M. SHULTS,
"HIRAM SHAVER,
"GEORGE W. SNELL."

The defendants, Shults, Shaver and Snell, set up as a defense "that the note was signed by them without consideration and for the accommodation of the defendant Arnold, and as sureties on said note, and that plaintiff at the time she received said note had notice thereof; that after the maturity of the said note, the plaintiff for a valuable consideration, and without the knowledge or consent of the said defendants; or either of them," by agreement with Arnold extended the time of payment of the note six months, whereby the said defendants were "released and discharged of all liability."

At the trial defendants offered to show by parol the fact set forth in their answer as above stated, but the evidence was excluded.

*Wm. M. Nichols,* for appellants, cited *Wagman* v. *Hoag,* 14 Barb. 232 ; *Van Horne* v. *Everson,* 13 id. 526 ; *King* v. *Baldwin,* 17 Johns. 384 ; *Bangs* v. *Strong,* 4 N. Y. 315 ; *Miller* v. *McCan,* 7 Paige, 452 ; *Vilas* v. *Jones,* 10 id. 66 ; *Gahn* v. *Niemcewicz,* 11

Wend. 312 ; *Hubbell* v. *Carpenter*, 5 Barb. 520 ; *Bangs* v. *Strong*, 4 N. Y. 315 ; *Niemcewicz* v. *Gahn*, 3 Paige, 614 ; *Artcher* v. *Douglass*, 5 Den. 509 ; *Chester* v. *Bank of Kingston*, 16 N. Y. 336 ; *Griffith* v. *Reed*, 21 Wend. 502 ; *Moore* v. *Cross*, 19 N. Y. 227 ; *Vartie* v. *Underwood*, 18 Barb. 562.

*Butler & Searle* and *William Rumsey*, for respondent, cited *Thomson* v. *Hall*, 45 Barb. 214 ; *Campbell* v. *Tate*, 7 Lans. 370 ; *Barry* v. *Ransom*, 12 N. Y. 462, 464; *Thomas* v. *Truscott*, 53 Barb. 200; *Bull* v. *Allen*, 19 Conn. 101, 105 ; *Sprigg* v. *Bank of Mt. Pleasant*, 10 Pet. 257, 265; *Bank of Montgomery* v. *Walker*, 9 Serg. & R. 229; S. C., 12 id. 382 ; *Harrison* v. *Courtauld*, 3 B. & A. 36 ; 23 Eng. C. L. 25; *Fentam* v. *Pocock*, 5 Taunt. 192 ; 1 Eng. C. L. 72 ; *Manley* v. *Boycot*, 2 E. & B. 46 ; 75 Eng. C. L. 45 ; *Smith* v. *James*, id. 49, note ; *Strong* v. *Foster*, 84 Eng. C. L. 201, 215, 218 ; *Price* v. *Edmunds*, 10 B. & C. 578; 21 Eng. C. L. 135, 136; *Claremont Bank* v. *Wood*, 10 Vt. 582 ; *Church* v. *Barlow*, 9 Pick. 547; Story on Prom. Notes, § 418 ; *Rees* v. *Berrington*, 2 Ves. Jr. 540, 542.

GILBERT, J. Upon a consideration of the authorities in this country, and in England, it must be regarded as still an open question whether the evidence offered and rejected in this case was not admissible. See 1 Pars. on Notes and Bills, ch. 7, § 2. At first blush, the reception of such evidence would not seem to contradict the contract created by the note, which is nothing more than an absolute promise to pay a sum of money, but to lay the foundation of a defense resting on equitable rules, wholly independent of the formal contract. But as this court, in the third department, in a recent case (*Campbell* v. *Tate*, 7 Lans. 370), has decided the precise point, we think it best to follow that decision, and leave it to the court of appeals to establish a contrary rule if justice should require it.

The judgment is, therefore, affirmed.

*Judgment affirmed.*