SAMUEL HUBBARD, Appellant, *v.* JESSE GURNEY, Respondent.

It is competent under the Code for one of two makers of a promissory note, in an action upon the note, to prove by parol that he signed the note as surety, to enable him to interpose as a defence that he was discharged by an extension of time given to the principal with knowledge of the suretyship.

Such evidence does not alter or vary the written contract, as the fact proved simply operates, when knowledge of it is brought home to the creditor, to prevent him from changing the contract or making a different one with the principal debtor without the consent of the surety, or from impairing the rights of the latter by releasing any security or omitting to enforce the contract when requested.

The authorities upon the question as to the competency and effect of such evidence collated and discussed.

*Campbell* v. *Tate* (7 Lans., 370) and *Benjamin* v. *Arnold* (5 T. & C., 54) overruled.

After the maturity of a note signed by defendant, as surety, and held by plaintiff, who had knowledge of the suretyship, the principal debtor executed a new note which was indorsed by plaintiff, discounted and the avails paid to him; when the note matured a small payment was made by the principal and a new note given. In an action upon the original note, *held,* that there was an implied agreement to extend the time of payment, which being done without the knowledge or consent of defendant, discharged him from liability; that the fact that the note in suit was not surrendered did not affect the character of the implied contract or its legal effect; and that the receipt of the money obtained upon the new note was a sufficient consideration, on the part of plaintiff, for such contract.

*Halliday* v. *Hart* (30 N. Y., 474) distinguished; *Cary* v. *White* (52 id., 138) distinguished and limited.

(Argued February 25, 1876; decided March 21, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, affirming a judgment in favor of defendant entered upon a verdict.

This action was brought upon a promissory note, of which the following is a copy :

" One day from date, for value received, I promise to pay Samuel Hubbard, or bearer, one thousand dollars with use.

" Dated *April 1st*, 1872.

"S. H. GURNEY.
" JESSE GURNEY."

The answer alleged that defendant signed as surety; that plaintiff by agreement of the principal debtor, without defendant's knowledge or consent, extended the time of payment. It also alleged payment.

Upon the trial defendant was permitted to prove, by parol, under objection and exception, that the note was given for money loaned to S. H. Gurney, and that defendant signed as surety. It appeared that plaintiff, being desirous of the money, called upon S. H. Gurney after the maturity of the note, for payment, and on being advised by the latter that he could not pay asked him if the money could not be obtained at bank. Gurney promised to ascertain, and getting a favorable answer made his note, dated May 18, 1872, payable to plaintiff's order at thirty days, for $1,000. This plaintiff indorsed and he received the avails of its discount. Nothing was said at the time about the original note, but it remained in plaintiff's hands. When the new note fell due said S. H. Gurney made another note for $900 at thirty days, which was indorsed by plaintiff and discounted by the bank, and with the avails and money furnished by Gurney to pay the balance the note first discounted was taken up. Gurney paid $200 upon this note and then became bankrupt. Plaintiff paid the balance of the note.

The court directed a verdict for defendant, to which plaintiff's counsel duly excepted. A verdict was rendered accordingly.

*Samuel A. Bowen* for the appellant. The court erred in receiving parol evidence that defendant signed the note as surety, as it tended to vary the terms of the written contract. (*Campbell* v. *Tate*, 7 Lans., 370 ; 40 Conn., 553 ; *Spriggs* v. *Bk. of Mt. Pleasant*, 10 Pet., 263 ; *Rees* v. *Barrington*, 2 Ves., Jr., 542; *People* v. *Jansen*, 7 J. R., 337; *Paine* v. *Packard*, 13 id., 174; *King* v. *Baldwin*, 17 id., 384; 2 J. Ch., 554; *Artcher* v. *Douglass*, 5 Den., 509 ; *Barry* v. *Ransom*, 12 N. Y., 462.) The burden was upon defendant to show a valid agreement, either express or implied, to extend the time for payment. (*Halliday* v. *Hart*, 30 N. Y., 474; *Gahn* v. *Neimcewicz*, 11 Wend., 312; *Pratt* v. *Coman*, 37 N. Y., 440, 443; *Cary* v. *White*, 52 id., 138, 142 ; *McKechnie* v. *Ward*, 58 id., 541, 546.) The giving of the new note was

not payment of the note in suit. (*Bates* v. *Rosekrans*, 37 N. Y., 409 ; 23 How., 99 ; *Vernan* v. *Harris*, 3 N. Y. S. C. R., 483 ; *E. R. Bk.* v. *Butterworth*, 30 How., 444.)

*L. L. Bundy* for the respondent. The note in suit was not joint. (*Brownell* v. *Winnie*, 29 N. Y., 400 ; *Cobb* v. *Titus*, 10 id., 198.) It was proper to show, by parol proof, the circumstances under which defendant signed the note. (*Artcher* v. *Douglass*, 5 Den., 509 ; *Paine* v. *Packard*, 13 J. R., 173 ; *King* v. *Baldwin*, 17 id., 384 ; *Gahn* v. *Neimcewicz*, 3 Paige, 614 ; 11 Wend., 312 ; *Barry* v. *Ransom*, 12 N. Y., 462 ; *Chester* v. *Bk. of Kingston*, 16 id., 343 ; *Mason* v. *Lord*, 40 id., 489 ; *Thomas* v. *Truscott*, 53 Barb., 204, 205 ; *Dobson* v. *Pierce*, 12 N. Y., 156 ; *Despard* v. *Walbridge*, 15 id., 374, 378 ; *McBurney* v. *Wellman*, 42 Barb., 390 ; *Tibbs* v. *Morris*, 44 id., 138 ; *Van Pelt* v. *Astor*, 2 Swe., 202 ; *Hodges* v. *Tenn. Ins. Co.*, 8 N. Y., 416 ; *Barrett* v. *Carter*, 3 Lans., 68 ; *Grafton Bk.* v. *Kent*, 4 N. H., 221 ; 2 C. & H. Notes, 1466 ; *Ward* v. *Stout*, 32 Ill., 399 ; *Benjamin* v. *Arnold*, 5 T. & C., 55.) Extending the time of payment to a principal debtor without the consent of the surety discharges the latter. (*Reynolds* v. *Weed*, 5 Wend., 501 ; 3 Paige, 613 ; 11 Wend., 312 ; *Newman* v. *Finch*, 25 Barb., 173 ; *Hart* v. *Hudson*, 6 Duer, 294 ; *Grant* v. *Smith*, 46 N. Y., 97 ; *Bangs* v. *Strong*, 10 Paige, 11 ; 7 Hill, 250 ; *Ludlow* v. *Simond*, 2 Cai. Cas., 57 ; *Fox* v. *Parker*, 44 Barb., 541 ; Story's Eq., §§ 325, 326 ; *Miller* v. *McCann*, 7 Paige, 157 ; *Rathbone* v. *Warren*, 10 J. R., 581 ; 17 id., 384 ; 13 id., 174 ; 25 N. Y., 479 ; *Rees* v. *Barrington*, 2 Ves., Jr., 540 ; *Bellington* v. *Wagoner*, 33 N. Y., 32 ; *Chester* v. *Kingston Bk.*, 16 id., 336 ; *Burgett* v. *Elles*, 45 id., 111 ; *Hubby* v. *Brown*, 16 J. R., 70 ; *Boyd* v. *McDonough*, 39 How., 389.) The giving of the first bank note to plaintiff was an extension of time which discharged defendant. (*Fellows* v. *Prentiss*, 3 Den., 512 ; *Putnam* v. *Lewis*, 8 J. R., 389 ; *Kitty* v. *Jenckins*, 1 Holt, 73, 74 ; *Dorlon* v. *Christie*, 39 Barb., 614 ; *Elwood* v. *Diefendorf*, 5 id., 398 ; *Hubbard* v. *Carpenter*,

id., 520 ; *Myers* v. *Wells*, 5 Hill, 463 ; *Bangs* v. *Mosher*, 23 Barb., 478 ; *Place* v. *McIlvain*, 38 N. Y., 96 ; *Thurber* v. *Corbin*, 51 Barb., 215 ; *Howe* v. *Buff.*, etc., *R. R. Co.*, 37 N. Y., 297 ; *Andrews* v. *Massett*, 58 Me., 539.) The giving of the first bank note amounted to a payment of the note in suit. (*Fisher* v. *Maiom*, 47 Barb., 159 ; *Rice* v. *Dewey*, 54 id., 457 ; *Smith* v. *Miller*, 43 N. Y., 171 ; *Dayton* v. *Trull*, 23 Wend., 345 ; *Huston* v. *Weber*, 3 T. & C., 147.)

CHURCH, Ch. J. The first question presented is, whether it is competent for one of two makers of a promissory note to prove *by parol* that he signed the note as surety for the purpose of enabling him to interpose a defence, that he was discharged by an extension of time given to the principal debtor, with knowledge of the suretyship.

Recently in the Supreme Court it has been expressly decided in *Campbell* v. *Tate* (7 Lans., 370), that such evidence was incompetent, and this decision was followed in *Benjamin* v. *Arnold* (5 N. Y. S. C. R. [T. & C.], 54).

The question is of great practical importance and frequently arises, and there should be no delay in having a final adjudication upon it by this court. The ground of the objection is that such evidence tends to vary the terms or legal effect of the written instrument. It must be confessed that there is some confusion in the authorities upon the subject, but an examination of them shows that it is caused by doubts entertained by some of the courts in England and in this country, first, whether a defence of this character could be set up in a court of law, and when that point was yielded, whether parol evidence of suretyship was competent in a court of law for the purpose of establishing the defence. These points troubled the courts in this State at an early day. In *The People* v. *Jansen* (7 J. R., 331), the fact of suretyship appeared and was admitted, and the court while adjudging that the rule for discharging a surety was the same at law as in equity, queried whether the fact of suretyship could be proved in a court of law. But in *King* v. *Baldwin* (17 J. R., 384),

SPENCER, Ch. J., in dissenting from the opinion of Lord LOUGHBOROUGH, in *Rees* v. *Berrington* (2 Ves., Jr., 542), that when the form of the security bound the principal and surety jointly and severally, the security could not aver that he is only bound as surety, except in equity, said : " Now we could not assent to his lordship's proposition that the fact of a man's being bound as security could not be averred at law if it becomes material to a legal inquiry, for we understand the rules of evidence to be the same in both courts." At a later day, in *Artcher* v. *Douglass* (5 Den., 509), BEARDSLEY, J., while unable to find in the decisions any valid reason for not receiving the evidence at law, as well as in equity, hesitated in deciding that there was no reason. He said : " The fact when ascertained, if sufficient in equity, is equally valid as a legal defence. The doubt is as to the reception of parol evidence to prove the fact in a court of law." So in New Jersey, in *Pintard* v. *Davis* (1 Zab., 632), there were two opinions ; one maintaining that such evidence could not be admitted in a court of law, and the other expressed doubts whether it might not, but maintained that the facts alleged in that case did not constitute a defence either at law or equity. There never has been any dispute that such evidence was admissible in a court of equity. (3 Paige, 614 ; 12 N. Y., 465 ; 2 Am. Leading Cases [5th ed.], 443, 456.) Under the Code (section 150), equitable defences are permitted in actions at law, and this would seem to obviate the difficulty supposed previously to exist, both in setting up the defence and in receiving any evidence which in a court of equity is admissible to sustain it. This was so held in England, where the admissibility of such evidence in a court of law has been regarded at times with disfavor, in the case of *Greenough* v. *McClelland* (105 Eng. C. L., 428), under a statute authorizing equitable defences in actions at law. (7 Ellis and Bl., 431.) Whatever might have been the distinction between such evidence at law and in equity under the old system (and I have examined in vain to find any good reason for the distinction), there can be none in courts of both legal and

equitable cognizance, and in respect to evidence to sustain a defence expressly permitted in actions at law. The general rules of evidence are the same at law as in equity, and it is no more competent to vary the terms of a written instrument by *parol* evidence in equitable actions than in those strictly legal, unless in exceptional cases for the purpose of maintaining an action or defence under some recognized head of equitable jurisdiction. The confusion and apparent conflict in the authorities must, I think, have originated in the idea that defences of this character were equitable in their nature, and could only be available in a court of equity. When it was conceded that they were equally available in a court of law, it is difficult to find a reason for excluding the same evidence at law that is admissible in equity. However this may be, and without invoking any equitable rule, a conclusive answer to the objection to this evidence in any court, in my opinion is, that it does not tend to alter or vary either the terms or legal effect of the written instrument. The contract was in all respects the same, whether the defendant was principal or surety. In either case, it was an absolute promise to pay $1,000 one day after date, nothing more and nothing less. There is neither condition nor contingency. It would have been precisely the same contract if the defendant had added the word " surety " to his name. The addition of that word would not have varied it in the slightest degree. The only service it would have performed would have been to give notice to the other party of the fact. If this is shown *aliunde*, it is equally effective. There is nothing inconsistent in the instrument with the fact that the defendant signed as surety, as in 10 Peters, 263, where the sureties bound themselves in terms as principals. The fact is collateral to the contract proving simply the relation of the parties. It is an extrinsic circumstance, not affecting the contract made, but which operates, when knowledge of it is brought home to the creditor, to prevent him from changing the contract or making a different one with the principal debtor, without the consent of the surety, or from releasing any security held for the payment

of the debt, and imposes the duty of enforcing the contract, when due, upon request of the surety. The right to do these acts or omit to perform such duty, in no legal sense, belongs to or is included within the terms or legal effect of the contract. The prohibition results from the relation of the parties. Nor is there any hardship upon the creditor in this rule. If the word "surety" had been added to the name of the defendant, it is conceded that the defence sought to be interposed would be available in any court; and yet that word, as we have seen, would not affect the contract. The fact proved by extrinsic evidence and that the creditor had knowledge of it, is as potent as if added to the name of the surety; and it is potent, not in varying the contract, but in imposing certain duties and obligations upon the creditor in his subsequent dealings with the principal debtor in respect to the contract. These views appear to me to be palpably correct upon general principles, and they are sustained by a decided weight of authority, and, if the distinction between the different courts is ignored, as I think it should be, by a uniform current of authority.

*Pain* v. *Packard* (13 J. R., 173) was a demurrer to a plea alleging that the defendant signed the note as surety and had requested the creditor to prosecute, which he had omitted to do, and that the principal debtor had become insolvent. The court overruled the demurrer and held the defence good. It is evident that the fact that defendant was surety did not appear upon the note. The court say that "the averments and facts stated in the plea are not repugnant or contradictory to the terms of the note." *King* v. *Baldwin* (17 J. R., 384, *supra*) was a suit in equity for relief, by a surety, after the defence had been rejected at law. The defence was sustained in the Court of Errors, reversing the chancellor's decree (2 J. Ch., 554) by the casting vote of the lieutenant-governor. There were two points of controversy: First, whether the defence was available at law; and, second, whether the facts, viz., a request and neglect to prosecute, and insolvency, constituted a defence. The opinion of

SPENCER, Ch. J., which was for reversal, maintained that the facts established a good defence, and approved the decision in *Pain* v. *Packard*, and sustained the equitable jurisdiction, not because the defence was not available at law, but for the reason that the question had been regarded as doubtful, and the defence had been excluded. PRATT, J., who had agreed to the decision in *Pain* v. *Packard*, in the Supreme Court, expressed dissatisfaction with it on the ground that the facts did not constitute a defence. VAN VECHTEN, senator, was of the opinion that the facts did not constitute a defence, and if they did it was available at law. Since that time it has been established by this court that the facts developed in that case would discharge a surety. In *Artcher* v. *Douglass* (5 Den., 509) it was decided that obligors in a bond to the sheriff, to indemnify him for seizing certain property, at the suit of one V., might show by parol that they were sureties for V., for the purpose of claiming that a release of him discharged them. The decision was placed upon the ground that the principal debtor did not join in the bond; but how that circumstance could affect the question of varying the written instrument by parol evidence is not apparent. In *Barry* v. *Ransom* (12 N. Y., 462), DENIO, J., stated that such evidence was admissible, and, although not strictly necessary to the decision of that case, it shows how an able and experienced judge understood the rule to be. The authorities in this State are not numerous nor very decisive, but they tend to sustain the admissibility of such evidence; and I feel warranted in saying that such was generally understood to be the rule by the courts and the profession. In some of the other States the decisions have been more explicit. In *Harris* v. *Brooks* (21 Pick., 195) SHAW, Ch. J., says: "So, when one of two promissors annexes the word "principal" to his signature and the other "surety," these descriptions do not affect the terms or legal effect of the contract.  *  *  *  They indicate the relation in which parties stand to each other and notice of such relation to the holder, but the fact of such relation and notice of it to the holder may, we think, be proved by

extrinsic evidence. It is not to affect the terms of the contract, but to prove a collateral fact and rebut a presumption.

In *The Bank of Steubenville* v. *Hoge* (6 Ohio, 17) the court say : " The defence sets up a distinct and independent fact beyond the terms of the writing, not controverting any of its stipulations."

In *Davis* v. *Barrington* (30 N. H., 517) the court, in speaking of the admissibility of such evidence, say : " It was not offered to vary or change the terms of the contract in Davis' bond, or to weaken its force, or to explain it in order to change its legal effect or interpretation, or to limit its scope and extent. The purpose was to show a collateral fact." There are numerous other authorities to the same effect, among which are : 4 New Hampshire, 221 ; 28 Maine, 280 ; 34 id., 547 ; 25 Vermont, 450 ; 9 Alabama, 949 ; 18 Pennsylvania State Reports, 207 ; 40 Indiana, 204. It is said in *Benjamin* v. *Arnold* (*supra*) that the question is an open one in England, but I have deemed it unnecessary to refer to the authorities. Those relied upon as adverse usually turn upon the distinction between legal and equitable rules and defences, and have no weight upon the question as presented to this court. I can see no reason, either in principle or on authority, for not receiving parol evidence of the fact of suretyship in any court when it is material for the purpose of establishing a cause of action or defence. It is proper to add that the learned judge who delivered the opinion in 7 Lansing (*supra*), and who is now a member of this court, acquiesces in overruling that decision.

The remainng question is, whether the judge was justified in holding that the facts proved discharged the defendant, and this depends upon the question whether there was a valid agreement with the principal debtor to extend the time.

The principle is well settled that where the holder of a promissory note takes a new note from the debtor, payable at a future day, he suspends the right of action upon the original demand until the maturity of the last mentioned note, and the surety upon the same not assenting thereto, thereby

becomes discharged from liability. (*Fellows* v. *Prentiss*, 3 Den., 512; *Bangs* v. *Mosher*, 23 Barb., 478; *Dorlon* v. *Christie*, 39 id., 610; *Albany City Ins. Co.* v. *Devendorf*, 43 id., 444; *Place* v. *McIlvain*, 38 N. Y., 96.)

To establish a case, however, within the rule laid down, it is essential that it should be made to appear that there was an agreement, either express or implied, from the facts proved, that the new note was taken in payment of the first note, or that the time of payment of the latter was extended in favor of the party who was primarily liable. The proof in this case shows that the original loan for which the note in suit was given was made to the principal for a short period, and the plaintiff desiring the money, a new note was given by the principal debtor, payable at thirty days, and indorsed by the plaintiff, upon which the money was obtained and paid to the plaintiff. When this note became due a small payment was made and a new note given for thirty days, upon which $200 was afterwards paid, leaving a balance of $700 unpaid. It is quite obvious that here was an implied agreement by which the time of payment of the original note was extended, and this being done without the knowledge or assent of the defendant, who was a surety, his rights were thereby affected. If the plaintiff had prosecuted and sought to enforce the collection of the old note before either of the other notes became due, it would have been a valid defence that he had received his money, that the time of payment had become extended, and that he was not in a position to maintain an action which would be practically demanding double payment. There was no agreement between the plaintiff and the principal debtor that the new note was only taken as collateral to the old one, or that the latter was to be retained as security for the new note, and the fact that the original note was not surrendered does not change the legal effect or real character of the contract to be implied from the transaction. No such surrender was required to be made to render the contract extending the time valid and effective, as will be seen by an examination of the reported cases. (See cases already cited,

*supra ;* also, *Hart* v. *Hudson,* 6 Duer, 304; *Myers* v. *Welles,* 5 Hill, 465.) Nor was there any want of consideration for such a contract as the raising of the money upon the new note, and the receipt thereof by the plaintiff was quite sufficient for that purpose.

The counsel for the appellant has called our attention to some decisions as authority for the position that the sureties are not discharged by an arrangement of the character of that which is established by the testimony here, but none of them are applicable to the case now considered. *Halliday* v. *Hart* (30 N. Y., 474) holds that the performance of an unqualified legal obligation, by the payment of part of the amount due upon a promissory note, is not a valid consideration for the extension of payment of the remainder, so as to discharge the sureties. The principle there decided has no application to a case where a note has been given for another already due, and the time of payment thereby extended.

In *Gahn* v. *Niemcewicz* (11 Wend., 312) there was a want of consideration and no valid extension of the time of payment. In *Cary* v. *White* (52 N. Y., 138) Judge ALLEN criticises the cases which hold that the taking of a collateral security on time is an extension of the time of payment, and suspends the right of action until the collateral security becomes due. The remarks made must be referred to the facts of that case, and are not controlling in a case where the security was not received as collateral, and the money realized upon the new note was paid to the creditor, and a direct application made of the proceeds for his benefit.

The judgment must be affirmed.

All concur; MILLER, J., concurs in result.

Judgment affirmed.