JAMES HOYT, RESPONDENT, v. GEORGE W. MEAD, IMPLEADED WITH MARTIN R. MEAD, APPELLANT.

SAMUEL HOYT, RESPONDENT, v. SAME, APPELLANT.

*Note— addition of word "surety" to name of one joint maker — action how brought thereon.*

Where two persons execute a note and one of them adds to his signature the the word "surety" both are to be treated as makers of the note and may be joined as defendants in an action upon it; nor is the liability of the surety to the holder of the note affected by any equities existing between such surety and his co-defendant.

APPEAL from a judgment in favor of the plaintiff, entered upon a verdict directed by the court.

This action was brought upon the following note:

"$1,400.  BEDFORD, *April* 1, 1871.

On demand for value received we promise to pay Samuel Hoyt, or order, fourteen hundred dollars with interest at seven per cent per annum.

M. R. MEAD,
GEO. W. MEAD,
*Surety.*"

The complaint was, in the ordinary form, against the makers of a promissory note. On the trial the plaintiff produced and proved the note and the payment of certain interest thereon and rested. Whereupon the defendant George W. Mead moved that the complaint be dismissed as to him on the following grounds:

First. Generally that the complaint does not state facts sufficient to constitute a cause of action as against him, the said George W. Mead.

Second. That there was no evidence to bind him or make him personally responsible, nor could he be held as surety on the note in suit under the complaint, but that the plaintiff should have declared specifically on said defendant's contract as surety.

The motion was denied.

*J. W. Grieff*, for the appellant. The objection that several causes of action were improperly united was properly taken by answer, *it*

not appearing upon the face of the complaint. (Code of Procedure, §§ 144, 147.) Causes of action so united must all belong to one of these classes, * * * must affect all the parties to the action, * * * and must be separately stated. (Code of Procedure, § 167; *Barton* v. *Speis*, 5 Hun, 60; *Allen* v. *Rightmere*, 20 Johns., 164; *Brewster* v. *Silence*, 4 Seld., 207; *Allen* v. *Fosgate*, 11 How. Pr., 218; *De Ridder* v. *Schermerhorn*, 10 Barb., 638; *Hier* v. *Staples*, 51 N. Y., 136; *Draper* v. *Snow*, 20 id., 331; *Henderson* v. *Marvin*, 31 Barb., 297.) A person who guarantees a note is, in no sense, a party to the note; his contract is special and must be specially declared on. Accordingly, where it appears upon the face of the instrument that one of the makers signs as surety, no recovery can be had against him without declaring especially on the contract. (Edwards on Prom. Notes, 219 [ed. of 1857]; *Ellis* v. *Brown*, 6 Barb., 282; 5 Wend., 307; 2 Hill, 190; *Allen* v. *Fosgate*, 11 How., 218; *Butler* v. *Rawson*, 1 Denio, 105; 1 Chitty Plead., 339.)

*Close & Robertson*, for the respondent.

GILBERT, J. :

The promissory note in suit is a contract between both defendants and the plaintiff, to pay a definite sum of money. It is the several promise of each defendant, and the joint promise of both. (*March* v. *Ward*, Peak, Ca., 130; *Clerk* v. *Blackstock*, Holt [N. P.], 474; 1 Pars., N. and B., 251.) They must, therefore, be treated as makers of the note, for to hold otherwise would contradict the note, which is not allowable. If, in fact, George W. Mead is a surety for his co-defendant, he may have certain equitable rights *aliunde* the contract, but that does not affect his liability to the plaintiff. (*Hubbard* v. *Gurney*, 64 N. Y., 457.)

All the makers of a promissory note may be joined in an action upon it, whether it be a joint or several contract. (Code of Civil Procedure, § 454; Code of Proc., § 120; Moak's Van Santvoord's Pl. [3d ed.], 124.)

No defense having been shown, the court properly directed a verdict for the plaintiff. The judgment should be affirmed.

Present — BARNARD, P. J., and GILBERT, J ; DYKMAN, J., not sitting.

Judgment affirmed, with costs.