GUSSEPPE MATASCE, PLAINTIFF AND RESPONDENT, *v.*
GEO. H. HUGHES, DEFENDANT AND APPELLANT.

INSTRUCTIONS—EVIDENCE OF SETTLEMENT—PROMISSORY NOTE.—In an ac-
tion to recover for work, the defendant having pleaded a settlement and
the execution of a note for the amount found due thereon, his counsel
asked the court to instruct the jury that this note was presumptive evi-
dence of a settlement. The court refused this instruction, and in-
structed that the note was but slight evidence of a settlement: *Held*,
that the refusal to give the instruction asked was not error; that with-
out explanation such instruction might mislead the jury into the belief
that the note raised a conclusive presumption of settlement: *Held*,
*further*, that the instruction given was erroneous; that the note was suf-
ficient evidence of a settlement unless overcome by other evidence.

APPEAL from Linn County.

This is an action to recover four hundred and forty-one
dollars and fifty cents for labor performed. It is alleged
that the respondent performed labor of the value of seven
hundred and twenty dollars and fifty cents, upon which has
been paid two hundred and seventy-nine dollars and no
more.

The appellant admits the performance of labor by the re-
spondent to the amount of five hundred and fourteen dollars
and fifty cents, and no more, and then alleges payment as
follows: "But says he (appellant) has paid plaintiff (re-
spondent) in money, board, lodging, washing and other
property, and care bestowed when plaintiff was sick, about
the sum of eight hundred and fifty dollars."

For a separate answer the appellant alleges a settlement
of the matters in question and the execution and subse-
quent payment of a promissory note for fifty-three dollars,
in full satisfaction of the claim in question. The reply
deems the payment, accounting and settlement alleged, but
admits the execution of the note referred to. The cause
was tried by a jury, and the respondent had judgment for
three hundred and three dollars, from which this appeal is
taken.

The proceedings and alleged errors relied upon in the
appeal are stated in the opinion.

*Conley & Montanye, Humphry & Hewitt, Bonham & Ramsey,* for appellant.

*Powell & Flynn and R. S. Strahan,* for respondent.

By the Court, Boise, J.:

It is admitted in the pleadings that the respondent boarded with appellant during the time he worked for him, so there is no issue between the parties as to where he boarded during that time. The first question asked by the counsel of appellant as to where respondent boarded was therefore immaterial, as it tended to prove a fact which was admitted, and it was not error for the court to sustain the objection of respondent's counsel to their question.

The second question was as to the amount of washing that had been done by the appellant for the respondent. The materiality of the evidence sought by this question depends on whether or not the pleadings present an issue as to the amount of the washing. The respondent alleged in his complaint that appellant was to board and wash for him while he was not at work on the farm, and he was to do chores for such service. This is denied by the appellant. The appellant says in his answer that he paid the respondent an amount aggregating the sum of eight hundred and fifty dollars in money, board, lodging, washing and other property and care bestowed upon him when sick. All these allegations are denied by the replication. The value of each of these items is not set out, but their aggregate value is alleged. Though this pleading might have been subject to objection before issue joined, we think there is an issue on the pleadings as to the value of the washing. This question asks for information as to the amount of the washing. It was necessary to prove the amount in order to prove its value. We think the question was a proper one and inquired for testimony that was material, and that its rejection by the court was error. (41 N. Y. 349; 33 Id. 69; 43 Barb. 444; 12 Id. 520; 30 Cal. 173.)

The same may be said as to the ruling of the circuit

court on the question as to what care and attention had been bestowed on the respondent while sick; and it will not be necessary to farther discuss this part of the case. We will now consider the instruction of the circuit court as to the presumption of a settlement between the parties raised by the execution of the note of fifty-three dollars.

The court, in charging the jury, among other things said: "That the giving of the note referred to in the answer of defendant would be, in this case, slight evidence of a settlement between the parties of the business transactions had between them prior to that date." To which charge the appellant excepted. The counsel for the appellant then asked the court to instruct the jury "that the giving of the promissory note above referred to affords presumptive evidence of a settlement between the parties as claimed in the answer of defendant." Which instruction was refused, and such refusal is assigned as error.

These propositions will be considered together. The giving of a promissory note is *prima facie* evidence of an accounting and settlement between the parties of all demands between them up to the time of the execution of the note. The presumption is only *prima facie,* and is liable to be explained, but until explained it is to be taken as true, and affords sufficient evidence that, at its date, the maker owed the payee the amount named in the note. (2 Starkie Ev. 261; 6 N. Y. 461.) The counsel in this case asked the court to instruct the jury that this note was presumptive evidence of a settlement. Presumptive evidence being of two degrees, one conclusive and the other liable to be rebutted by evidence, without explanation by the court, the jury might not know whether the presumption asked for was conclusive or not, and we think the court might refuse the instruction for it might mislead the jury. The court said to the jury that this note was but slight evidence of a settlement. This statement of the court would convey to the jury the idea that the evidence was of little weight, not of convincing force, and, if not explained, sufficient to establish the fact of a settlement. We think this instruction erroneous. The court should have said to the jury that the

execution of the note was sufficient evidence of a settlement unless rebutted by other evidence in the case.

For the reasons above stated, we think there was error in this case, and that the judgment of the court below should be reversed and a new trial granted.