By the Court,

Cowen, J.
It is highly probable that the jury may, upon the evidence, have found that the goods, except the two first items, which bore date before the note, were delivered in payment. That, however, we do not know. They may have thought there was no agreement to let the accounts apply; and then they must have gone on the right of set-off. The court gave them the alternative, which should not have been done. It involves the absurdity of an account due to A being let in as a set-off in favor of B. That is objectionable enough of itself, independent of the question of variance, which I also incline to think would be fatal. Beside, you can not contradict the note. I am satisfied it is that view alone which casts any doubt on the propriety of submitting the two items to the jury. An agreement to apply a subsequent account, to be run up by the plaintiff with Nichols, or with him and his partner, the account being afterwards made, and that too, as here, with the assent of the partner, would enure as a payment, beyond all [192] doubt, and come in as such under the general issue (Kinnerly v. Hossack, 2 Taunt. 170; Roper v. Bunford, 3 id. 76; Babington on Set-off, 4, 5, 6). And an agreement to apply a distinct independent precedent debt, the agreement having been made after the note given, has recently been held, I see, also to operate as a payment (Gardiner v. Callender, 12 Pick. 374). The case was this: Bobbins and Coffin were executors of Smith, deceased, to whom Payne, deceased, owed $6000. Bobbins agreed with Payne’s executor that $3235, due from Bobbins to Payne, should be applied to and extinguish so much of the $6000. Held, a payment protanto. That an agreement to set off precedent debts operated as a payment, satisfaction or extinguishment, was formerly doubted (Vin. Abr. Accord, A. pl. 8; Saunderson's case, Goldsb. 80, pl. 17; Davis v. Ockham, Sty. 245; and see Lutw. 57; Rol. Abr. 123; Bac. Abr. Accord, Sec. A). The doubt does not seem fully to be cleared up in Massachusetts (Cary v. Bancroft, 14 Pick. 315). And there yet seems, by the latest cases I have seen, considerable difficulty upon it in England (Cuxton v. Chadley, 5 Dowl. & Kyl. 417; 3 Barn. & Cress, 591; per M. R. in Jeffs v. Wood, 2 P. Wms. 129; see also Peabody v. Peters, 5 Pick. 1, and Sargeant v. Southgate, id. 312).
But the difficulty here in respect to the two small items of articles delivered before the giving of the note, lies in the evidence being a contradiction of the amount expressed in the note. Looking at the evidence as it comes before us, I do not see that the jury would have been wrong in allowing nearly the whole as a payment. But as they were allowed to take it up in the light of a set-off, there must be a new trial, under the general issue alone, and the jury must be directed to consider the accounts, except the two first items, as a payment, and not a set-off, provided they shall think the evidence shows a payment. As our interference is, I imagine, little more than formal, the costs must abide the event.
Judgment reversed.