## SUPREME COURT.

### BARKER and another agt. HOFF, trustee.

*Account stated — pleading.*

An account stated or settled is a mere admission that the account is correct; it is not an estoppel. The account is still open to impeachment for mistakes or errors. Its effect is to establish *prima facie* the accuracy of the items without proof, *and the party seeking to impeach it is bound to show affirmatively the mistake or error alleged.*

Where a plaintiff desires or intends to impeach an *account stated* for error or mistake, he must allege the existence of such error or mistake in his pleadings.

The rule is that where, upon a general bill for an account, the defendant sets up a stated account in bar, the complainant will not be permitted to show mistakes or errors in such account, but must amend his bill, as the settled account is *prima facie* a bar to the suit until specific errors are assigned.

Where the reply of the plaintiff alleged no error in the account, except that it was not a full account and was made for the specific purpose of inducing Townsend to act as trustee:

*Held*, that the reply does not contain such allegations as bring the plaintiff within the rule; and he having failed to establish that the account was made for the purpose alleged in the reply, is not in a position to attack the account as erroneous.

*Special Term, June,* 1876.

THE action was brought to recover for commissions and expenses earned and incurred by Smith Barker, the plaintiff's intestate, as trustee of the estate of John Pentz, deceased.

The answer set up an account stated, made and rendered by the plaintiff, and full and complete payment and satisfaction.

The plaintiff replied, alleging that, at the request of the defendant, and to induce one Sylvanus Townsend to consent to act as trustee of the estate of John Pentz, he made up and signed the statement of account set up in the answer, but that it was made not as a final settlement, but to show to said Townsend in order to induce him to act as trustee; and it was then agreed that as soon as a trustee should be appointed a full accounting should be had.

*Mr. Rowan,* for plaintiff.

*Mr. Hill,* for defendant.

LAWRENCE, J. — The general term of this court, in reversing the judgment rendered at the special term on the first trial of this action, held that the defendant was not entitled to judgment on the pleadings, and that if the account " was not given as an account stated, the accounts are still open; and if it was under the forms of pleading adopted, and the allegations made, the *plaintiff is remediless* in this action."

Since this intimation of the opinion of the general term, as to the effect of the pleadings, this cause has been tried before me, and the circumstances under which the account relied upon by the defendant was made out have been fully stated by the respective witnessess.

There is the most direct conflict in the testimony of these witnesses, but one fact is, I think, established, and that is, that the account was not made out for the purpose of inducing Townsend to act as executor and trustee under the will of Pentz.

The reply alleges that the account was made for that purpose, but it is quite apparent that Townsend had declined to act long before the account was stated and the certificate was signed. This is the sole ground on which the plaintiff attacks the account in his reply, and failing in establishing that such was the object and purpose of making the account

and certificate, the plaintiff must fail altogether. The burden of proof in establishing that the account and certificate are not, in point of fact, that which upon their face they purport to be, is upon the plaintiff.

On the face of the account and certificate it would appear that there had been a full and final adjustment, and an account stated between the estates of Barker and Pentz. The plaintiff is not precluded from showing that the fact is otherwise, but the burden of doing so rests upon him. In *Lockwood* agt. *Thorne* (18 *N. Y.*, *p.* 292) judge SELDEN says : "An account stated or settled is a mere admission that the account is correct. It is not an estoppel. The account is still open to impeachment for mistakes or errors. Its effect is to establish *prima facie* the accuracy of the items without proof, *and the party seeking to impeach it is bound* to show affirmatively the mistake or *error alleged.*"

The plaintiff, therefore, could impeach this account for error or mistake (although a stated account) if he had alleged that such error or mistake existed. The difficulty is, that there is no such allegation in the plaintiff's pleadings. The complaint does not refer to the account delivered to Hoff. The action, so far as its character is to be determined from the complaint, is for a general account. By the reply, the account is assumed to be correct to the extent to which it goes. The rule always has been that where, upon a general bill for an account, the defendant sets up a stated account in bar, the complainant will not be permitted to show mistakes or errors in such account, but must amend his bill as the settled account is *prima facie* a bar to the suit until specific errors therein are assigned (*Weed* agt. *Small*, 8 *Paige*, 575, *and cases cited*). No error is alleged in the account in the plaintiff's reply, save that it was not a full account, and was made for the specific purpose of inducing Townsend to act as trustee.

Assuming, then, that the court would be entitled to look into the reply for the purpose of ascertaining the character

Barker agt. Hoff.

of the action, and that if the reply were sufficiently specific in alleging errors and mistakes in the account, relief might be awarded upon the whole case, as if a proper complaint had been filed in the first instance, it is clear that the reply under consideration does not contain such allegations as bring the plaintiff within the rule adverted to (*Weed* agt. *Small*, *supra*). Furthermore, if I correctly understand the decision of the general term, before referred to, the court entertained the opinion that, unless the plaintiff on the trial failed to establish that the account in question was not an account stated, he would be remediless in this action, for the reason that he had not pleaded that it was erroneous. Such is my understanding of the pleadings; and as no motion was made to amend them, the case must be disposed of upon the pleadings as they stand.

It was argued by the plaintiff's counsel that the account relied upon by the defendant could not be regarded as an account stated for the reason that Hoff did not represent the estate of Pentz at the time that the account was prepared, and that, therefore, the account is to be deemed as given to a mere stranger.

It appears, however, that he was representing the beneficiaries under the will at that time, and that the plaintiff was dealing with him as such representative. How, then, can the plaintiff question the validity of the account on the ground of Hoff's want of authority to bind or to act for the estate of Pentz. It is admitted that he negotiated with the plaintiff, on behalf of the beneficiaries of the estate, and it does not appear that the plaintiff ever challenged his right to thus act; and while thus acting the account was prepared and the certificate delivered and Hoff became the trustee under the will in the place of Barker.

It seems to be not going too far to hold that, under this state of facts, the defendant's acts related back from the time of his appointment to the time when he first assumed to act or to interest himself in the matter of adjusting the accounts

Barker agt. Hoff.

between the estates of Barker and of Pentz, and that as to the plaintiff he may be justly regarded as having acted for the estate of Pentz at the time he received the account (*Perry on Trusts, sec. 245, and cases cited*). Again, I think that the general term necessarily determined the point now under consideration adversely to the plaintiff. The reply which was before the court alleges in substance that Hoff, at the time of obtaining the account, was not acting in an official capacity, but that he pretended to represent the beneficiaries. It must be remembered that the case went before the general term on the pleadings alone, the court below having dismissed the complaint on the motion of the defendant's counsel. The case stood then as if there had been a demurrer to the reply. Now, if the plaintiff is right in his position the court would have declared that on the facts conceded by the defendant in moving to dismiss the case on the pleadings it was clear that there could be no account stated for the reason that Hoff had no right to act for the estate of Pentz, and yet it was held that the issue *as to the character of the account should be tried* (See opinion of Brady, J., 7 *Hun*, 284). Finally, I am of the opinion that the plaintiff has failed to establish that the account was made for the purpose alleged in the reply; that the acount is, therefore, to be deemed as a *prima facie* bar to this action, and that the plaintiff has not, by his pleadings, put himself in a position to attack the account as erroneous.

The complaint must be dismissed, with costs to the defendant.

Findings may be settled on two days' notice.