GEORGE W. McMAHILL, Appellant, v. JOHN W. JENKINS, Respondent.

St. Louis Court of Appeals, February 23, 1897.

Partnership: BILL FOR ACCOUNTING AND SETTLEMENT: PLEADING. In a suit, by bill in equity, for an accounting and settlement of the affairs of a partnership, which had been dissolved by mutual consent before the institution of the suit, where the answer admitted its former existence and dissolution, but averred a full and final settlement of its affairs, and complainant by reply tacitly admitted the settlement, but sought to avoid it by alleging his sickness and inability to examine the partnership books, at the time, and averring that omissions had been made which should have been charged against defendant, and a failure of defendant to render a just and true account of the partnership property, without alleging any fraud in the settlement,— *Held:* That complainant should have pleaded the settlement in his petition, and asked for relief upon equitable grounds. He could not amend his petition by a reply.

*Appeal from the Lincoln Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*Martin & Woolfolk* for appellant.

The facts in this case are similar to those in *Pomeroy v. Burton*, 57 Mo. 531, and *Watts v. Adler*, 29 N. E. Rep. 131.

*Norton, Avery & Young* for respondent.

Appellant makes no pretense that there was any fraud or error in the settlement, institutes no proceed-

ing to set it aside, but contents himself with denying the settlement. Even if the testimony were conflicting on this question of fact, this court should defer to the action of the trial court, who had the witnesses before it, and could see their demeanor. *Taylor v. Cayce*, 97 Mo. 249; *Cox v. Esteb*, 68 *Id*. 114; *Bank v. Murray*, 88 Id. 191.

BLAND, P. J.—This was a bill in equity for an accounting and settlement of partnership affairs. The partnership had been dissolved by mutual consent before the institution of the suit. The answer was an admission of the former existence of the partnership and dissolution, but averred a full and final settlement of its affairs between plaintiff and defendant. The defendant took the affirmative to prove the issue of settlement between the partners. The court, after hearing the evidence, found the issue for the defendant, and we are asked to review this finding.

This may be done by this court, in this kind of a case (an equity one). We have carefully gone through and examined the evidence as presented in the bill of exceptions, and from this, it clearly appears that a full and fair settlement was made, agreed to, and the statement of settlement signed by the defendant. The evidence strongly preponderates on this issue in favor of the defendant, and we find no fault with the finding of the chancellor in his favor. The plaintiff, by his reply, tacitly admits the settlement, but seeks to avoid it by alleging his sickness and inability to examine the partnership books, at the time of the settlement. He does not allege fraud in the settlement, but avers that omissions were made of charges that should have been made against the defendant, and a failure on the part of the defendant to render just and true amounts of the part-

PARTNERSHIP: suit for accounting and settlement: pleading.

nership property and funds. Plaintiff can not amend his petition by his reply. The affirmative relief he desired should have been pleaded in his petition. He should have pleaded the settlement in his petition, and asked that it be surcharged and falsified upon some equitable grounds. He can not engraft this additional equity upon his bill by a reply, under any recognized rules of pleading.

Judgment affirmed. All concur.