Argued January 6; decided April 5, 1897.

## WILLIAMS v. CULVER.
(48 Pac. 365.)

PROMISSORY NOTE—PAYMENT—EVIDENCE.—While there is a presumption that by giving a promissory note all the antecedent demands existing between the parties have been considered and adjusted, and that the amount expressed is the balance due the payee *(Hoyt* v. *Clarkson,* 23 Or. 51, approved), yet this is not conclusive between the parties, and it may be shown that when the note was executed an unsettled account existed in favor of the maker against the payee, which it was agreed should be credited on the new note when adjusted, and that the account was afterwards adjusted, and the amount due thereon was larger than the amount of the note. Such testimony would not tend to vary the terms of a written instrument, but would show a payment.

From Curry:    J. C. FULLERTON, Judge.

Action by Jefferson Williams, Jr., as administrator, against S. J. Culver, on a note. There was judgment for plaintiff on a demurrer to the answer.

REVERSED.

For appellant there was a brief and an oral argument by *Mr. S. H. Hazard.*

For respondent there was a brief and an oral argument by *Mr. J. W. Hamilton.*

Opinion by MR. CHIEF JUSTICE MOORE.

This is an action by Jefferson Williams, Jr., as administrator de bonis non of the estate of P. W. Williams, deceased, to recover the sum of $863.67, alleged to be due upon a promissory note executed by the defendant to the

deceased, and interest thereon at the rate of ten per cent. per annum from August 19, 1891, and the further sum of $100 attorney's fees. The defendant, after denying the material allegations of the complaint, alleges, in substance: "That on August 19, 1891, the deceased was the owner and holder of another note executed by the defendant more than six years prior thereto, upon which a number of payments had been made, and against which he had a counterclaim upon an account for work and labor performed for and money paid and advanced to the deceased, under an agreement with the latter that the amount thereof should be deemed a payment upon the old note; and that at the time the new note was executed the amount due the defendant from the deceased had not been settled or agreed upon, nor had any part thereof been credited upon the old note; that, in order to induce the defendant to execute the new note, the deceased represented to him that the amount due on said account could be credited as well upon the new as upon the old note, and that, if the defendant would execute a new note in renewal of the old, the defendant could thereafter make out a statement of the said account, and the amount thereof would be credited by the deceased on the new note as a payment thereon, and that, relying on such representations, he was induced to and did execute the new note. He then further alleges that on September 18, 1891, the defendant, in pursuance of such agreement, made out and sent to the deceased an itemized statement of his demand, whereupon the said account was settled, and it was then agreed that the deceased was indebted to the defendant in the sum of $906; that the defendant was not indebted to the deceased at the time the new note was given, and the same was executed without consideration, and under a misapprehension of the facts." A demurrer to this answer having been sustained, and the defendant

declining to plead further, the court rendered judgment against him for the amount demanded, from which he appeals.

The question presented by this appeal is whether the new matter alleged in the answer constituted either a defense or a counterclaim to the cause of action stated in the complaint. Counsel for defendant contends that, his client having fully paid the amount due on the old note before giving the new one, there was no consideration for the execution of the latter, and hence the matter pleaded constitutes a defense to the action. The rule is settled in this state that the execution of a promissory note is prima facie evidence of an accounting and settlement between the parties of all existing demands, and afford presumptive evidence that at the date of the execution of the instrument the maker owed the payee the amount named therein: *Metasce* v. *Hughes*, 7 Or. 39; *Hoyt* v. *Clarkson*, 23 Or. 51 (31 Pac. 198). The new note, having been given in renewal of the old to evidence the amount presumptively due thereon, was supported by a valuable consideration, and, as the defense pleaded would have been availing as a payment upon the old note, the question arises, Why should it not be equally effective when invoked for the same purpose as a defense to the new one? The greatest objection, perhaps, that might be urged against that proposition would probably be that it would convert a defense involving a want of consideration into a plea of payment of a valid instrument; but, waiving this difficulty for the present, we will consider the inquiry suggested, and treat the subject as involving the latter defense. In *Mahan* v. *Sherman*, 7 Blackf. 378, an action having been brought on a promissory note, the defendant alleged that at the time the instrument was given it was agreed between the parties that an account for work, etc., which the maker held against the payee, should, before the note became

due, be adjusted, and the amount thereof applied in part or full payment of the obligation; but it was held that the defense was unavailing, the court saying: "A verbal contract, contemporaneous with the note, is relied upon to show that the note was not to be paid till a certain account should be adjusted, and the amount credited on the note. That would be making the promise conditional, which, upon its face, is absolute." In that case the maker of the note proposed to show that the payment thereof was dependent upon a settlement of the account between the parties, and, as oral testimony is inadmissible to contradict or vary the terms of a written agreement, the court very properly held that the defense was ineffectual. In *Eaves* v. *Henderson*, 17 Wend. 190, also an action on a promissory note, the defendant was permitted to prove, over the plaintiff's objection, that at the time the note was executed the payee was indebted to the maker in the sum of $3.25 on account of goods sold and delivered by the defendant to the plaintiff, under an agreement that the amount should be applied on the note; but it was held, on reversing the judgment, that the evidence was inadmissible, the court saying: "But the difficulty here, in respect to the two small items of articles delivered before the giving of the note, lies in the evidence being a contradiction of the amount expressed in the note." It would seem from this decision that if the maker of a note promised to pay a sum in excess of the amount due on a settlement of accounts with the payee, he could not, in an action on the note, allege or prove that it was agreed at the time the note was given that an account due from the payee to him was to be credited as a payment thereon.

If the rule announced in *Eaves* v. *Henderson*, 17 Wend. 190, be correct, then the decisions of this court, to the effect that the giving of a promissory note raises only a disputable presumption that all antecedent accounts

existing between the parties have been considered and adjusted, and that the amount expressed in the written promise is the balance found to be due the payee from the maker on such settlement, are erroneous, and should be corrected so as to make the presumption conclusive. Note the effect of such a construction by putting a hypothetical case: A owes $1,000 on account to B, his father, who, desiring to obtain a short loan, and realizing that his son is not prepared at that time to settle or pay the amount due on the account, executes to A a note for and obtains $100. Now, to say that this transaction conclusively establishes the settlement of the account between the father and his son would amount to a travesty on justice, and the bare statement of the consequences dependent upon such a conclusion shows its own absurdity. Such irrational deduction cannot on principle be the law applicable to the facts stated in the hypothetical case. The true rule, founded in reason, is correctly enunciated by LORD, C. J., in *Hoyt* v. *Clarkson*, 23 Or. 51 (31 Pac. 198), in which, speaking for the court, he says: "The presumption is in favor of the correctness of the settlement, and that the note given for the balance ascertained on such settlement expresses the truth. Hence, the general rule that a settled account will not be opened on mere conflicting evidence, and that, when opened, errors or omissions not alleged will not be considered, though there may be some evidence tending to prove them. In such case the party claiming that there were any errors or mistakes must allege them fully and precisely, so as to inform his adversary, and so that issue may be joined upon them." It is true the opinion in that case is predicated upon the assumption that a settlement of the accounts had been made, in the computation of which some items had been inadvertently omitted; and, upon the theory that equity will relieve against mistakes, the court had power to open

and re-examine the account as to the items alleged to have been omitted. But can there be any difference, on principle, between a case in which a mistake is relied upon to correct an error occurring in the settlement of an account, and one in which there had been no settlement whatever, and the maker of a promissory note had intentionally omitted to claim the credit due him from the payee thereof? Taking the hypothetical case to illustrate the answer to this question: If the father, in the case supposed, desiring to give his son $100, but not having the amount on hand, had manifested his intention in this respect by executing to the object of his bounty a note for that sum, it would not follow that the amount due the father on the account from the son was thereby settled and remitted; nor would the maker of the note be precluded, in an action brought by the son to recover the amount expressed to be due thereon, from showing that the instrument was not supported by a valuable consideration. This is so, because oral testimony is admissible to prove that a written obligation to pay a sum of money was executed without a valuable consideration. Such being the case, an intentional omission of an amount due on an account to the maker of a promissory note from the payee thereof at the date of its execution is equivalent to a lack of consideration pro tanto, in view of which we fail to see any valid reason why the rule should not be enlarged so as to permit the admission of evidence to overcome the presumption of the settlement of the account, and to establish a counterclaim for the amount so due as a defense to an action on the note. This would not be varying or contradicting the terms of the written agreement, because, under the very liberal rules of code pleading, with respect to set-offs, such a claim could be interposed as a defense to the action.

In the case at bar, it is alleged that the deceased agreed

to credit on the new note the amount of said account, and that, a statement thereof having been furnished, the account was settled and agreed upon. The facts here alleged would constitute a payment of the note. If the deceased had agreed to give the defendant credit on his note for a given sum in consideration of certain property which was to be delivered to the payee, and the same was surrendered and accepted in pursuance of the agreement, it must be admitted that this would amount to a payment; and, this being so, an account stated must also constitute a payment. "To constitute a payment," says HARRIS, J., in *Kingston Bank* v. *Gay,* 19 Barb. 459, "money or some other valuable thing must be delivered by the debtor to the creditor, for the purpose of extinguishing the debt, and the creditor must receive it for the same purpose." If there had been no agreement to credit the amount of this account on the note, it would, nevertheless, be permissible to allege and prove the facts relied upon as creating a counter-claim. In the case at bar, however, the defendant, after alleging the facts, states as a conclusion of law that they constitute a want of consideration, instead of a payment, but as a pleading is to be liberally construed in view of the facts alleged, and not entirely upon a statement of the conclusion of law contained therein (Hill's Code, § 106), we think the facts alleged constituted a defense to the action, and that the court erred in sustaining the demurrer, for which reason the judgment is reversed, and the cause remanded for trial.

REVERSED.