DETERMINED IN

# THE SUPREME COURT

OF THE

# STATE OF UTAH.

OCTOBER TERM, 1902.

ANDREW ANDERSON, Respondent, v. ALFRED R. ANDERSON, Appellant.

No. 1356.   (70 Pac. 608.)

**Partnership: Settlement of Account: Impeachment: Fraud or Mistake: Pleading.**
The party seeking to impeach the settlement of a partnership account for fraud or mistake must set out in his pleading the particular facts constituting the fraud or mistake relied on, and evidence of facts not alleged is inadmissible.[1]

(Decided October 15, 1902.)

ON REHEARING. FORMER OPINION AFFIRMED, AND JUDGMENT BELOW REVERSED.

For former opinion, see 24 Utah 497; 68 Pac. 319.

BASKIN, J.—A rehearing was granted in this case on the question whether, under the pleadings, the plaintiff could

---

[1]Roach v. Gilmer, 3 Utah 389, 4 Pac. 221; Dunham v. Travis, 25 Utah 65, 69 Pac. 468.

(164)

introduce evidence to prove that the written agreement, which on its face showed a settlement by the parties of their partnership affairs, and which was pleaded by the defendant in bar of the action, was obtained through mistake. The facts are fully stated in our former opinion (24 Utah 497, 68 Pac. 319), in which we held that, under the provisions of the Code of Civil Procedure, such evidence was not admissible under the pleadings; and, to have rendered such evidence admissible, the plaintiff should have obtained leave of the court to amend his complaint by inserting therein the facts which constituted the alleged mistake. It is a well-settled principle that a settlement of accounts may be impeached for fraud or mistake, but the burden is upon the party seeking to impeach it to set out in his pleading the particular facts constituting the fraud or mistake relied on; and, in the trial, evidence of other facts than those alleged is not admissible. This principle is as applicable to practice under the modern Codes of Civil Procedure as it is in equity practice. The case of Cross v. Bank, 66 Cal. 462, 6 Pac. 94, like the one at bar, was an action for an accounting. The answer of the defendant set up a final settlement. The complaint did not allege fraud or mistake in the settlement, or seek to set it aside. The trial court excluded evidence offered by the plaintiff to show the true balance of the account between the parties. This was assigned by the appellant as error; also the refusal of the court to permit the plaintiff to amend the complaint by inserting in it allegations of fraud or mistake committed by the defendant bank in failing to credit the accounts of plaintiff with large sums of money deposited by him. The Supreme Court held "that the offered evidence was properly excluded, because it was irrelevant to the issue on the trial;" also, for special reasons, which do not affect the question under consideration, sustained the lower court in refusing to permit the plaintiff to amend the complaint. In the opinion, the court, after quoting the following from the opinion of the Supreme Court of the United States, to-wit: "And in equity the rule

is well established that an account once settled cannot be avoided or impeached by any of the parties to the settlement, except by an action in equity to set aside the settlement for fraud, or to surcharge and falsify the account for mistakes or errors. Chambers v. Goldwin, 9 Ves. 254; 1 Edw. 1, 293," —said: "Unless assailed in that way by one of the parties, the settlement is conclusive." See, also, Clarkson v. Hoyt (Cal.), 36 Pac. 382; Hendy v. March, 75 Cal. 566, 17 Pac. 702; Auzerais v. Naglee, 74 Cal. 60, 15 Pac. 371; Branger v. Chevalier, 9 Cal. 353; McMahill v. Jenkins, 69 Mo. App. 279; Barker v. Hoff, 52 How. Prac. 384; Weeks v. Hoyt, 5 Hun 347; Hoyt v. Clarkson, 23 Or. 51, 31 Pac. 198; Roach v. Gilmer, 3 Utah 389, 4 Pac. 221; Dunham v. Travis, 25 Utah 65, 69 Pac. 468; Liscomb v. Agate, 67 Hun 390, 22 N. Y. Supp. 126. The case of McMahill v. Jenkins, 69 Mo. App. 279, was also an action for an accounting. The complaint failed to charge either fraud or mistake in the final settlement alleged in the answer. A reply is permissible under the Missouri Code. The plaintiff filed a reply. The court, in its opinion, said: "The plaintiff, by his reply, tacitly admits the settlement, but seeks to avoid it by alleging his sickness and inability to examine the partnership books at the time of the settlement. He does not allege fraud in the settlement, but avers that omissions were made of charges that should have been made against the defendant, and a failure on the part of the defendant to render just and true accounts of the partnership property and funds. Plaintiff cannot amend his petition by his reply. The affirmative relief he desired should have been pleaded in his petition. He should have pleaded the settlement in the petition, and asked that it be surcharged and falsified upon some equitable grounds. He cannot ingraft this additional equity upon his bill by a reply, under any recognized rules of pleading." In Barker v. Hoff, 52 How. Prac. 384, the court says that "the rule always has been that where, upon a general bill for an accounting, the defendant sets up a stated account in bar, the complainant

will not be permitted to show mistakes or errors in such account, but must amend his bill, as the settled account is prima facie a bar to the suit until specific errors are assigned." The case of Weeks v. Hoyt, 5 Hun 347, was an action for an accounting. The complaint alleged a partnership and its dissolution, a demand for settlement made by the plaintiff of defendant, the defendant's refusal, and prayed for a settlement of the partnership accounts. The answer set up a final settlement by the parties. The court, at general term, held that "as the plaintiff did not deny the settlement, as alleged and proved by defendant, and did not allege such errors as would obviate it, such settlement was a good defense, and the plaintiff could not recover under his complaint; that even though the settlement was, in some respects, erroneous, it could not be disregarded, under the pleadings, nor could the judgment upon the referee's report stand, because the case and his findings showed a settlement forbidding such general accounting as the referee had given to the parties; that the plaintiff could only recover according to the allegations of his complaint; and that an amendment, such as would be necessary to retain jurisdiction, would be too sweeping and radical to be allowed at this stage of the litigation." The case of Hoyt v. Clarkson, 23 Or. 51, 31 Pac. 198, was an action for an accounting. The defendant pleaded a settlement in bar of the action. The plaintiff did not, in his pleadings, allege fraud or mistake in the settlement. The court, in the opinion, said: "The giving of a promissory note is prima facie evidence of an accounting and settlement between the parties of all demands between them up to the time of the execution of the note. The presumption is only prima facie, and is liable to be explained; but until explained it is to be taken as true, and affords sufficient evidence that at its date the maker owed the payee the amount named in the note. The presumption is in favor of the correctness of the settlement, and that the note given for the balance ascertained on such settlement expresses the truth. Hence the general rule that a settled account will

not be opened on mere conflicting evidence, and that, when opened, errors or omissions not alleged will not be considered, though there may be some evidence tending to prove them. In such case the party claiming that there were any errors or mistakes must allege, either in the complaint, or an equitable counterclaim in the nature of a cross-complaint, that it was obtained by fraud or through mistake." This rule applies with equal force to the written agreement of settlement in the case at bar.

It follows that the judgment rendered by us on the former hearing should stand. It is accordingly so ordered.

BARTCH, J., concurs.